## J. J. THURMAN v. THE STATE.

### No. 97.   Decided May 11, 1910.

**Swindling—Insufficiency of the Evidence.**

Where, upon trial for swindling, the evidence did not show that the representations made by the defendant, which induced the swindling operation, were false, the conviction could not be sustained. Following Moore v. State, 20 Texas Crim. App., 233, and other cases. A contradictory statement of defendant is insufficient.

Appeal from the County Court of Hill.   Tried below before the Honorable Horton B. Porter.

Appeal from a conviction of swindling; penalty, a fine of $50.

The opinion states the case.

*Ivy, Hill & Greenwood,* for appellant.—Cited Baker v. State, 14 Texas Crim. App., 332; Warrington v. State, 1 Texas Crim. App., 168; White v. State, 3 Texas Crim. App., 605; Curtis v. State, 31 Texas Crim. Rep., 39; Moore v. State, 20 Texas Crim. App., 233.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The complaint and information charge appellant with swindling in that he induced C. B. Ward to sign a note with him in favor of the Brandon Banking Company or order for $38 at ten percent interest from maturity. The false representations were in effect that as an inducement for Ward to sign the note appellant informed him that he had a contract with the trustees of a certain school in San Angelo, Tom Green County, to teach school, beginning the first of October, 1908, to continue for nine months, for which he was to receive $65 per month. That the school was a public school in San Angelo, having 180 scholars enrolled, and that appellant would apply a portion of the salary so received to the payment of the note. Then follows the negation of the truthfulness of these statements averring their falsity, and that by means of these false representations Ward was induced to sign the note.

Several questions are suggested for revision. Among others, that the evidence is not sufficient to sustain the verdict. Ward was the only witness who testified on the trial. He states that appellant requested him to go on the note. This he at first declined, but on the assurance of appellant that he had a written contract to teach school in San Angelo, and that there were 180 scholars enrolled, and that he, appellant, would pay the note out of his salary for teaching the school, he signed the note. He also testified that appellant told him at the time of the conversation that he had the contract in his pocket, that he was to teach nine months, commencing October 1, 1908, and

that on account of these representations he signed the note, and would not have done so otherwise. The note was executed on May 27, 1908. The above conversation referred to occurred prior to the execution of the note. Ward further testified that some time during the summer, after he had signed the note, he asked appellant about the school contract, and was informed by appellant that he, appellant, did not have any contract at all. That witness never knew of appellant going to San Angelo to teach school. This is the case as shown by the statement of facts, except the introduction of the note, which is included in the statement of facts.

Is this evidence sufficient to prove a case of swindling? We answer this in the negative. An inspection of the record discloses that there was no evidence introduced except the contradictory statements of appellant, one that he had a contract to teach school at San Angelo, and the other that he had no contract at all. No evidence was offered to show which statement was false or which was true. The evidence, in order to make out a case of swindling, must show that the representations made, which induced the swindling operation, were false. As stated above, there was no evidence introduced except the contradictory statements of appellant. This does not sufficiently make out a prima facie case of guilt to overcome the presumption of innocence and reasonable doubt. Moore v. State, 20 Texas Crim. App., 233; Strong v. State, 18 Texas Crim. App., 19. The State could easily have shown the falsity of appellant's representations, if they were in fact false. His statement put Ward and the State on notice, if Ward's evidence is correct, that appellant's contract was with the trustees of a school at San Angelo. There was no effort made to obtain evidence from that source. The law on merely contradictory statements of an accused person, and these standing alone, will not permit a conviction. There must be other evidence to show the falsity of the representations or pretenses than such mere contradictory statements. Such evidence ought to and will be held insufficient to overcome the legal presumption of innocence and reasonable doubt. The two statements as set out can not both be true, but the question may be asked which statement is false? The evidence does not solve this question. The matter is left in doubt. The doubt should be solved in favor of the innocence of defendant.

As the record is presented we are of opinion the evidence is not sufficient, and the judgment is reversed and the cause is remanded.

McCord, Judge, disqualified.

*Reversed and remanded.*